**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*Caption in Compliance with D.N.J. LBR 9004-1(b)*

**FOX ROTHSCHILD LLP**
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, NJ 08401-7212
Michael J. Viscount, Esq.
Martha B. Chovanes, Esq.
Joseph J. DiPasquale, Esq.
mviscount@foxrothschild.com
mchovanes@foxrothschild.com
jdipasquale@foxrothschild.com
Telephone:  (609) 348-4515
Facsimile:   (609) 348-6834

Robert F. Elgidely, Esq. (*pro hac vice pending*)
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
relgidely@foxrothschild.com
Telephone:  (305) 442-6543
Facsimile:   (305) 442-6541

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In Re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP<br><br>Hon. Jerrold N. Poslusny, Jr. |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALUMINUM SHAPES, L.L.C.,<br><br>      Plaintiff,<br>v.<br><br>TIGER FINANCE, LLC<br><br>      Defendant. | Adv. Pro. No. 21- |

## COMPLAINT

The Official Committee of Unsecured Creditors (the "Committee") for Aluminum Shapes, L.L.C. (the "Debtor"), by and through its counsel, Fox Rothschild LLP, brings this complaint (this "Complaint") against Tiger Finance, LLC ("Tiger" or the "Defendant"), and alleges the following:

## JURISDICTION AND VENUE

1. This Court (the "Bankruptcy Court") has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under Title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O). The Plaintiff consents to the Bankruptcy Court's entry of a final adjudication of the merits of this Complaint in accordance with Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  To the extent that it is determined that any cause of action set forth herein does not constitute a core proceeding, the Committee consents to the issuance by the Bankruptcy Court of proposed findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052(a).

3. This Adversary Proceeding arises under Sections 506, 544(a), 549, 550 and 551 of the Bankruptcy Code and Bankruptcy Rule 7001(a)(1), (2), and (8).

4. The Committee has standing to bring this Adversary Proceeding, such standing having been granted by the Bankruptcy Court in its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 363, 364, 503, 506, 507 and Fed. R. Bankr. P. 2002, 4001 6003 6004 and 9014 (i) Authorizing Debtor to Obtain Post-Petition Financing, (ii) Granting Liens and Superpriority Claims, (iii)*

*Authorizing Use of Cash Collateral, and (iv) Modifying the Automatic Stay* (the "Final DIP Order") [Docket No. 116].¹  *See* Final Dip Order, ¶ 27.

## PARTIES

5.  Upon information and belief, Tiger is a Delaware limited liability company with an office at 99 Park Avenue, New York, New York 10016.

6.  The Committee is a statutory committee of unsecured creditors, which was appointed by the Office of the United States Trustee for Region 3 on September 1, 2021 pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 77]. The members of the Committee are: (i) Indigo Global, LLP; (ii) PSE&G; (iii) Nathan H. Kelman, Inc., (iv) Energy Power Investment Company, LLC (EPIQ); and (v) Southeastern Extrusion & Tool, Inc.

## BACKGROUND FACTS RELEVANT TO ALL COUNTS

7.  On August 15, 2021 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").  No trustee or examiner has been appointed in the Debtor's case, and the Debtor continues to operate its business as a debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

8.  Prior to the Petition Date, Tiger was a secured lender to the Debtor.

9.  Under that certain Credit Agreement between Tiger Finance, LLC and Aluminum Shapes L.L.C., dated June 5, 2019 (the "Original Credit Agreement"), Tiger agreed to provide a credit facility through term loans to the Debtor of up to $7,685,000 in the aggregate (the "Original Term Loans").

---

¹ References to items on the docket will be those entered in the docket of the main case, In re Aluminum Shapes, L.L.C., Case No. 21-16520.

3

10. To receive the amounts under the Original Term Loans under the Original Credit Facility, on June 5, 2019 the Debtor gave Tiger a term note for $7,685,000 (the "Original Term Note"), which was issued pursuant to the Original Credit Agreement.

11. As a condition to advancing funds under the Original Credit Agreement, Tiger required the Debtor to execute that certain Security Agreement by and among Aluminum Shapes L.L.C. and Tiger Finance, LLC dated June 5, 2019 (the "Original Security Agreement").

12. By entering into the Original Security Agreement, the Debtor gave Tiger a security interest (the "Original Security Interest") in substantially all of its personal property (the "Collateral").

13. In addition to entering into the Original Security Agreement and granting the Original Security Interest, the Debtor executed that certain Mortgage, Security Agreement, Fixture Filing and Assignment of Leases and Rents dated June 5, 2019 (the "Original Mortgage Agreement"), granting Tiger a mortgage (the "Original Mortgage") in the debtor's real property located at 9000 River Road, Pennsauken, New Jersey, being known as Lot 4, Block 1903 on the tax map of the Township of Pennsauken (the "9000 Property").

14. The Original Security Interest and the Original Mortgage (collectively, the "Original Liens") were intended to secure the Debtor's performance of its obligations under the Original Credit Agreement and to repay the Original Term Loans of $7,685,000.

15. Upon information and belief, Tiger filed a Form UCC-1 with a Financing Statement Number of 53376701 on May 10, 2019, which was intended to perfect a security agreement made prior to the Original Security Agreement, which asserted a lien in the Collateral.

16. On June 18, 2019, the Clerk of Camden County recorded the Original Mortgage in Mortgage Book 11151, Page 551.

17. Between June 5, 2019 and July 27, 2021, the Debtor and Tiger entered into seven (7) forbearance agreements and amendments to the Original Credit Agreement.

18. In connection with that certain Seventh Forbearance Agreement and Seventh Amendment to Credit Agreement between Tiger Finance, LLC and Aluminum Shapes, L.L.C., dated July 27, 2021 (the "Seventh Forbearance"), Tiger advanced another $1,750,000.00 (the "Additional Advance") to the Debtor and in return the Debtor gave Tiger its amended and restated term note dated July 27, 2021 for $9,435,000 (the "Amended Term Note").

19. In an attempt to secure the Additional Advance, the Debtor executed that certain First Amendment to Mortgage, Security Agreement, Fixture, Filing and Assignment of Leases and Rents, dated August 2, 2021 (the "Amended Mortgage Agreement").

20. In fact, because of the increase of $1,750,000 in the obligations that the Debtor incurred, by executing the Amended Mortgage Agreement the Debtor granted a new and separate mortgage to Tiger in the 9000 Property (the "New Lien").

21. Upon information and belief, Tiger advanced funds under the Amended Term Note on July 27, 2021, prior to the execution of the Amended Mortgage Agreement on August 2, 2021 and the associated grant of the New Lien to secure additional and newly incurred obligations.

22. On August 18, 2021, after the Petition Date, the Clerk of Camden County recorded the New Lien in Mortgage Book 11151, Page 851.

23. Upon information and belief, after the recording of the Original Mortgage, but before the Additional Advance and the Petition Date, several judgment liens against the Debtor attached to the Debtor's real property within the State of New Jersey pursuant to N.J.S.A. § 2A:16-1.[2]

---

[2] The Committee anticipates that the Debtor will file complaints to avoid all of such judgment liens.

**COUNT I**
**Avoidance of Tiger's New Lien – Debtor as a Superior**
**Creditor Pursuant to 11 U.S.C. § 544(a)**

24. The Committee repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

25. Pursuant to Section 544(a)(2) of the Bankruptcy Code, a trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists (an "Executing Creditor").

26. Pursuant to Section 544(a)(3) of the Bankruptcy Code, a trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists (a "Bona Fide Purchaser").

27. Pursuant to Section 1107(a) of the Bankruptcy Code, subject to certain limitations, the Debtor in this case has the rights and powers of a trustee.

28. Pursuant to N.J.S.A. § 46:26A-1, a document is "recorded" if (1) the document or its image has been placed in the permanent records of the recording office, and (2) the document has been indexed.

29. Pursuant to N.J.S.A. § 46:26A-6, when a document is recorded, a book and page number or other permanent, unique document identifying number shall be assigned to the document.

30. The New Lien was not recorded in the Mortgage Book with a book and page number until August 18, 2021, which is after the Petition Date.

31. Under N.J.S.A. § 46:26A-12(a), any recorded document affecting the title to real property is, from the time of recording, notice to all subsequent purchasers, mortgagees and judgment creditors of the execution of the document recorded and its contents.

32. Under N.J.S.A. § 46:26A-12(b), a claim under a recorded document affecting the title to real property shall not be subject to the effect of a document that was later recorded or was not recorded unless the claimant was on notice of the later recorded or unrecorded document.

33. Under N.J.S.A. § 46:26A-12(c), a deed or other conveyance of an interest in real property shall be of no effect against subsequent judgment creditors without notice, and against subsequent bona fide purchasers and mortgagees for valuable consideration without notice and whose conveyance or mortgage is recorded, unless that conveyance is evidenced by a document that is first recorded.

34. The New Lien was recorded after the Petition Date, and any subsequent judgment creditors or bona fide purchaser or mortgagees would not have notice of the New Lien as of the Petition Date.

35. Therefore, because the Debtor, as of the Petition Date, holds the status of an Executing Creditor or a Bona Fide Purchaser, the New Mortgage is of no effect and such transfer and obligation thereunder may be avoided.

36. Tiger was the initial transferee of the New Lien, or the entity for whose benefit the transfer was made, or the immediate or mediate transferee of the initial transferee of the New Lien.

WHEREFORE, the Committee demands judgment against Tiger

(i) avoiding the New Lien pursuant to 11 U.S.C. § 544 and N.J.S.A. § 2A:26A-12;

(ii) declaring that the Debtor's interest in the 9000 Property and proceeds thereof is superior to any interest of Tiger to the extent such proceeds are in excess of obligations secured by the Original Mortgage;

(iii) recovery of the property transferred, or the monetary value of such property pursuant to 11 U.S.C. 550(a);

(iv) awarding to the Committee costs of suit, including reasonable attorney's fees; and

(v) awarding the Committee such other relief as this Court deems just and proper.

## COUNT II
### Avoidance of Tiger's New Lien – Void as a Preference
### Pursuant to 11 U.S.C. § 547)

37. The Committee repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

38. Upon information and belief, Tiger was a creditor of the Debtor at all times.

39. Within the 90-day period prior to the Petition Date, the Debtor granted the New Lien, which was an interest in the 9000 Property, to Tiger.

40. The New Lien was a transfer on account of an antecedent debt of the Debtor owed by the Debtor before the transfer was made.

41. The Debtor was insolvent at the time the New Lien was granted.

42. The New Lien enabled Tiger to receive more than it would have received if (i) the estate of the Debtor was liquidated under chapter 7 of the Bankruptcy Code; (ii) the New Lien had not been granted; and (iii) Tiger received payment on its debt to the extent provided by the provisions of the Bankruptcy Code.

43. Therefore, the New Lien is an avoidable preferential transfer within the meaning of Section 547(b) of the Bankruptcy Code.

44. Tiger was the initial transferee of the New Lien, or the entity for whose benefit the transfer was made, or the immediate or mediate transferee of the initial transferee of the New Lien.

45. The Committee has conducted reasonable due diligence in the circumstances of the case and taken into account Tiger's known or reasonably knowable affirmative defenses under Section 547(c) and (i).

WHEREFORE, the Committee demands judgment against Tiger

(i)    avoiding the New Mortgage pursuant to 11 U.S.C. § 547;

(ii)   recovery of the property transferred, or the monetary value of such property pursuant to 11 U.S.C. 550(a);

(iii)  awarding to the Committee costs of suit, including reasonable attorney's fees; and

(iv)   awarding the Committee such other relief as this Court deems just and proper.

## COUNT III
**Automatic Preservation of Avoided Transfer Pursuant to
11 U.S.C. 551**

46. The Committee repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

47. Pursuant to Section 551 of the Bankruptcy Code, any transfer avoided under Sections 544 or 547 of the Bankruptcy Code is preserved for the benefit of the estate but only with respect to property of the estate.

48. The New Lien is an interest in the 9000 Property, which is property of the estate.

49. Therefore, the New Lien, as avoided under Sections 544 and 547 of the Bankruptcy Code, should be preserved for the benefit of the estate.[3]

WHEREFORE, the Committee demands judgment against Tiger

(i) declaring that, to the extent that the New Lien represented an interest in the 9000 Property and proceeds thereof, the Debtor's estate is entitled to an interest in the 9000 Property with the same validity and priority;

(ii) declaring that the New Lien is preserved for the benefit of the estate;

(iii) awarding to the Committee costs of suit, including reasonable attorney's fees; and

(iv) awarding the Committee such other relief as this Court deems just and proper.

## COUNT IV
### Disallowance of Claims Pursuant to 11 U.S.C. § 502(d) and (j)

50. The Committee repeats each and every allegation contained in the foregoing paragraphs of this complaint as if set forth herein at length.

51. Tiger is an entity from whom property is recoverable under Section 550 of the Bankruptcy Code.

52. Tiger is an entity to whom or for whose benefit transfers that are avoidable pursuant to Sections 544 and 547 of the Bankruptcy Code were made, and Tiger has not turned over the property that was a part of such transfers, for which Tiger is liable under § 550 of the Bankruptcy Code.

53. Pursuant to § 502(d) of the Bankruptcy Code, any and all existing claims of Tiger and/or its assignees, against the Debtor's estate or must be disallowed until such time as Tiger pays

---

[3] Please see Footnote 2, regarding the Debtor's anticipated lien avoidance actions.

to the Debtor an amount equal to the aggregate amount of the transfers (as applicable), plus interest thereon.

54. Pursuant to § 502(j) of the Bankruptcy Code, any and all existing claims held by Tiger, and/or its assignees, against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Tiger pays to the Debtor an amount equal to the aggregate value of the transfers, plus interest thereon.

WHEREFORE, the Committee demands judgment against Tiger

(i) Disallowing any claims held by Tiger against the Debtor's estate or to the extent that Tiger is adjudged liable for any transfer of property as sought herein;

(ii) awarding to the Committee costs of suit, including reasonable attorney's fees; and

(iii) awarding the Committee such other relief as this Court deems just and proper.

Dated: November 1, 2021

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**FOX ROTHSCHILD LLP**
*/s/ Michael J. Viscount*
Michael J. Viscount, Jr.
Martha B. Chovanes
Joseph J. DiPasquale
Robert F. Elgidely (*pro hac vice pending*)

*Counsel to the Official Committee
of Unsecured Creditors*